

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| RONALD ROSS, *individually and as the Personal Representative of the Estate of Sarah Ross; together as Assignees of Blue Ridge of Sumter, LLC*, <br> Plaintiff, <br><br> vs. <br><br> KINSALE INSURANCE COMPANY and IRONSHORE SPECIALTY INSURANCE COMPANY, <br> Defendants. | § § § § § § § § § § § § § Civil Action No. 3:24-779-MGL |

**MEMORANDUM OPINION AND ORDER**
**GRANTING IRONSHORE'S MOTION TO DISMISS**

**I.     INTRODUCTION**

Plaintiff Ronald Ross (Ross) brings this matter against Kinsale Insurance Company and Ironshore Specialty Insurance Company (Ironshore), asserting a claim for insurance bad faith, negligence, gross negligence, and recklessness.  Ross originally filed his complaint in the Sumter Court of Common Pleas.  Defendants, including a third defendant the parties have since dismissed, removed the matter to this Court.  This Court has jurisdiction under 28 U.S.C. § 1332.

Pending before the Court is Ironshore's motion to dismiss.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be granted.

## II.  FACTUAL AND PROCEDURAL HISTORY

This litigation arises from alleged sexual assault and harassment against Sarah Ross (Sarah) when she was a patient-resident at a nursing home operated by Blue Ridge of Sumter, LLC (Blue Ridge).  Ross and Sarah filed a lawsuit against Blue Ridge in the Sumter County Court of Common Pleas (the underlying suit).

Ross and Sarah obtained a default judgment of $4,000,000 against Blue Ridge.  The trial court in the underlying suit entered an "Order of Assignment" that assigned Ross and Sarah, as relevant here, "any and all legal and equitable rights Blue Ridge . . . may have against . . . Ironshore."  *Ross v. Blue Ridge of Sumter LLC*, 2021-CP-43-01009, Order of Assignment at 2 (Sumter Cnty. Ct. of Common Pleas July 24, 2023).

In this case, Ross, on behalf of himself and Sarah's estate, asserts an insurance policy (the Policy) issued by Ironshore to Dawn Healthcare LLC (Dawn Healthcare) requires Ironshore to pay the default judgment against Blue Ridge.  Ross contends Blue Ridge is a subsidiary of Dawn Healthcare.  For the purposes of this order, the Court assumes, without deciding, this is the case.

Section I of the Policy lists the Insuring Agreements, which state:

A. The **Insurer** shall pay on behalf of an **Insured Person** all **Loss** which the **Insured Person** shall be legally obligated to pay as a result of a **Claim** (including an **Employment Practices Claim**) first made against the **Insured Person** during the Policy **Period** or the Discovery Period for a **Wrongful Act**, and reported to the **Insurer** pursuant to Section VII, except for any **Loss** which the **Company** actually pays as indemnification.

B. The **Insurer** shall pay on behalf of the **Company** all **Loss** which the **Company** shall be legally obligated to pay as a result of a **Claim** (including an **Employment Practices Claim**) first made against an **Insured Person** during the **Policy Period** or the Discovery Period for a **Wrongful Act** reported to the **Insurer** pursuant to Section VII, but only to the extent the **Company** is required or permitted by law, to the fullest extent possible, to indemnify the **Insured Person**.

C. The **Insurer** shall pay on behalf of the **Company** all **Loss** which the **Company** shall be legally obligated to pay as a result of a **Claim** (including an

> **Employment Practices Claim**) first made against the **Company** during the **Policy Period** or the Discovery Period a **Wrongful Act**, and reported to the **Insurer** pursuant to Section VII.

The Policy at 1.

Originally, Company was defined as "the **Corporation** and any **Subsidiary**." *Id.*, Section II ¶ C. The Policy further explained the Corporation was "the entity named in Item 1 of the Declarations." Item one identifies the company as Dawn Healthcare.

But, in Endorsement #20, titled "**DEFINITION OF COMPANY AMENDED (NAMED INSURED ONLY**, the Policy was amended to state "'**Company'** shall mean solely the entity named in ITEM 1 of the DECLARATIONS[,]" i.e., Dawn Healthcare.

After the definition in Endorsement #20, it states:

> It is further understood and agreed that the **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any **Insured** which is brought by or on behalf of any **Subsidiary** or any directors or officers thereof or any employees thereof or which are brought by any securities holder, member of any **Subsidiary**, whether directly, derivatively or by class action, unless such **Claim** is instigated and continued totally without the solicitation of, or assistance of, or intervention of, any **Insured**, any **Subsidiary** or any directors or officers or employees of such **Subsidiary**.

Endorsement #20 at 1 (April 5, 2021). The Policy defines "**Insured**[,]" as is relevant here, as "the **Company**." The Policy at 3, Section II ¶¶ L and M.

After Defendants removed this mater, Ironshore filed its motion to dismiss. Ross responded and Ironshore replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test

the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But, the Court need not "accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 243.

## IV.    DISCUSSION AND ANALYSIS

Ironshore argues it owes Ross nothing because Blue Ridge is unnamed as an insured in the Policy. Ross insists the Policy covers claims against subsidiaries of Dawn Healthcare, and thus Ironshore is liable. He also contends any ambiguity should be resolved in his favor.

As the Court stated above, the definition of "Company" was amended to remove reference to subsidiaries, and now refers "solely" to Dawn Healthcare. By its plain language, this would appear to bar Ross's claim against Ironshore, because it removes Blue Ridge as an insured.

Ross, however, argues the statement at the end of Endorsement #20 clarifies the otherwise straightforward definition. Again, the statement reads:

> It is further understood and agreed that the **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any **Insured** which is brought by or on behalf of any **Subsidiary** or any directors or officers thereof or any employees thereof or which are brought by any securities holder, member of any **Subsidiary**, whether directly, derivatively or by class action, unless such **Claim** is instigated and continued totally without the solicitation of, or assistance

of, or intervention of, any **Insured**, any **Subsidiary** or any directors or officers or employees of such **Subsidiary**.

Endorsement #20 at 1.

The Court determines the statement has to do with claims made by a subsidiary, rather than against one. So, the "unless" phrase—"unless such Claim is instigated and continued totally without the solicitation of, or assistance of, or intervention of, any Insured, any Subsidiary or any directors or officers or employees of such Subsidiary[,]" *id.* (emphasis omitted)—appears inapplicable to claims made against Blue Ridge.

The Court is unable to say there is any ambiguity in the Policy language. *See Diamond State Ins. Co. v. Homestead Industries, Inc.*, 456 S.E.2d 912, 915 (S.C.) (holding "if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties"). Based on the definitional change at Endorsement #20, therefore, Ironshore is unrequired to provide payment to Blue Ridge for claims against it.

The Court will thus grant Ironshore's motion to dismiss. Because this issue is dispositive, the Court will decline to address the other arguments advanced by the parties. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

### V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Ironshore's motion to dismiss is **GRANTED**. Thus, Ross's claims against Ironshore are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 1st day of May 2024, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE